1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    PAMELA SIINO,                          Case No.  20-cv-02904-JST   (KAW)

8                    Plaintiff,

9           v.                              **ORDER REGARDING THIRD AND FOURTH DISCOVERY LETTERS**

10   FORESTERS LIFE INSURANCE AND           Re: Dkt. Nos. 61, 62
     ANNUITY COMPANY,
11
                     Defendant.
12

13          Pending before the court are: (1) a discovery letter concerning Defendant's response to

14   requests for production ("RFP"), and (2) a discovery letter concerning Defendant's interrogatory

15   responses.  (Third Discovery Letter, Dkt. No. 61; Fourth Discovery Letter, Dkt. No. 62.)

16                                I.    **DISCUSSION**

17   **A.    Discovery Letter re RFPs**

18          **i.    Federal Rule of Civil Procedure 34**

19          First, Plaintiff asserts that Defendant's production did not comply with Rule 34(b)(2)(E)(i),

20   which requires the responding party to "produce documents as they are kept in the usual course of

21   business or must organize and label them to correspond to the categories in the request."  Plaintiff

22   contends that Defendant failed to state which RFPs it is responding to altogether, and that

23   Defendant failed to properly produce documents as they are kept in the usual course of business.

24   (Third Discovery Letter at 3.)

25          With respect to Defendant's failure to make clear whether it is responding to certain RFPs

26   or if it is withholding production as to others, Defendant should have responded in writing within

27   30 days of being served with the RFPs per Rule 34(b)(2)(A).  To the extent Defendant has not

28   done so or has not provided an updated response, Defendant shall do so within **ten days** of the

1   date of this order.  The written response shall make clear: (1) whether documents have been

2   produced, and (2) if further document production is forthcoming, a reasonable time for the

3   completion of production as required by Rule 34(b)(2)(B).

4        As to whether the document production satisfies Rule 34(b)(2)(E), this rule is "designed to

5   facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack

6   by mingling responsive documents with large numbers of nonresponsive documents."  *City of*

7   *Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584-85 (C.D. Cal. 2011) (quotation

8   omitted).  Thus, the party producing documents as kept in the usual course of business should:

> reveal[] information about where the documents were maintained,
> who maintained them, and whether the documents came from one
> single source or file or from multiple sources or files.  A party
> produces emails in the usual course when it arranges the responsive
> emails by custodian, in chronological order and with attachments, if
> any.  For non-email ESI, a party must produce the files by custodian
> and by the file's location on the hard drive-directory, subdirectory,
> and file name.

14  *Id.* (quotation and citations omitted); *see also SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403,

15  409-10 (S.D.N.Y. 2009) ("In most cases, documents produced pursuant to Rule 34 will be

16  organized by subject matter or category."); *Venture Corp. Ltd. v. Barrett*, Case No. 13-cv-3384-

17  PSG, 2014 U.S. Dist. LEXIS 147643, at *6 (N.D. Cal. Oct. 16, 2014) ("At a minimum, the court

18  would expect to see the documents and ESI kept by the name of the employee [or entity] from

19  whom the documents were obtained . . . .").  The  "party choosing to produce documents as

20  maintained in the ordinary course of business bears the burden of demonstrating that the

21  documents made available were in fact produced consistent with that mandate."  *Collins*, 256

22  FR.D. at 409.  It is insufficient for a party to simply represent that the documents were produced

23  as maintained.  *See Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, Case No. 03-cv-5340-JF

24  (RS), 2006 U.S. Dist. LEXIS 97912, at *9 (N.D. Cal. Feb. 8, 2006).

25       Here, Plaintiff states that the documents were not produced in folders or otherwise as

26  found in the usual course of business, and that there was no information about the custodian from

27  whom the documents were obtained, the format the documents were retained in, or a description

28  of the filing system.  (Third Discovery Letter at 3.)  Further, Plaintiff contends that "there is little

1    relation between the documents throughout the production." (*Id.*)  For example, bulletins and

2    manuals are included at both the beginning and end Bates ranges.  Plaintiff also asserts important

3    documents have been buried between wholly unrelated documents.  (*Id.*)

4         Defendants respond that they have produced the documents in a database-ready format,

5    including metadata to keep the documents organized as kept by Defendant, and to allow for

6    searchability to group the documents by subject, author, and date.  (Third Discovery Letter at 4.)

7    In support, Defendants site to a case which found that a producing party produces e-mails in the

8    usual course when it provides sufficient information about the e-mail, such as the custodian,

9    information to link e-mails with attachments, and the date and time the e-mail was sent or

10   received.  *Heartland Food Prods., LLC v. Fleener*, Case No. 18-cv-2250-JAR-TJJ, 2019 U.S.

11   Dist. LEXIS 101113, at *7 (D. Kan. June 17, 2019).  It is not apparent, however, that Defendants

12   have produced information about the custodians or information to link e-mails with attachments.

13   Further, *Heartland* was limited to e-mails only, while here the production includes 31,000 pages in

14   PDF format that contain bulletins, manuals, and annual statements.  (Third Discovery Letter at 3.)

15        The Court finds that Defendant has not satisfied its burden of demonstrating that it has

16   produced the documents as they were kept in the usual course of business.  Accordingly, the Court

17   ORDERS Defendant to, within **ten days** of the date of this order, re-organize and provide

18   sufficient information to establish that the documents are being produced as they were kept in the

19   usual course of business.  This includes, at a minimum, providing custodial information for each

20   document and organizing the production by custodian and by file location or, if e-mails, in

21   chronological order with attachments.  In short, the responsive documents must be rationally

22   organized "so that [Plaintiff] may readily identify documents, including ESI, that are responsive to

23   their production requests."  *City of Colton*, 277 F.R.D. at 585.  In the alternative, Defendant may

24   organize and label the document production to correspond to the specific RFP requests.

25         ii.    **Privilege Log**

26        Second, Plaintiff challenges Defendant's privilege log as inadequate and untimely.  The

27   privilege log was produced on January 22, 2021, after documents were produced on January 1,

28   2021.  (Third Discovery Letter at 4.)  Plaintiff also states that the privilege log fails to provide

United States District Court
Northern District of California

1   information required by the Court's standing order.  (*Id.*; *see also* Westmore Standing Ord. ¶ 21.)

2   Finally, Plaintiff contends that some of the documents do not appear entitled to privilege,

3   including documents being withheld on the basis of attorney-client privilege but include no

4   attorney on the communication.  (*Id.*)

5        It does not appear the parties met and conferred as to this issue.  The privilege log was

6   produced on January 22, after the parties' telephonic conferences and follow-up e-mail

7   correspondence on January 20 and 21.  (*See* Third Discovery Letter at 2, 4.)  Accordingly, the

8   Court ORDERS the parties to meet and confer as to this matter.  In so doing, the Court observes

9   that the privilege log does not include Bates range or number of pages of each document, the

10  identity and position of all authors and recipients, and the steps taken to ensure the confidentiality

11  of the communication, as required by the Court's standing order.  (*See id.*, Exh. C (privilege log).)

12  The parties should also discuss the basis for the attorney-client privilege being asserted.

### iii.     Deadline for Production

13

14       Plaintiff states that it has still not received documents responsive to RFP Nos. 22 through

15  28, although Defendant stated two months ago that it would produce documents.  (Third

16  Discovery Letter at 5.)  Plaintiff raises concerns that the delay will affect Plaintiffs' ability to

17  prepare its class certification motion, which is due on April 30.  (*Id.*; *see also* Dkt. No. 45.)  Thus,

18  Plaintiff requests that Defendant produce all responsive documents within 10 days.  (Third

19  Discovery Letter at 5.)  Defendant does not dispute that it agreed to produce the documents, but

20  states that it "is still in the midst of reviewing and producing documents," and that the process is

21  time consuming due to the recent corporate acquisition of Defendant and the "overly broad nature"

22  of Plaintiff's requests.  (*Id.*)

23       The Court has reviewed RFP Nos. 24 through 28 (the only RFPs presented to the Court),

24  and they do not appear overly broad.  For example, RFP No. 24 asks for all materially different

25  versions of the life insurance policies at issue.  (Third Discovery Letter, Exh. A at 3.)  RFP No. 25

26  asks for documents Defendant asserts supports its fourteenth affirmative defense, while RFP Nos.

27  26 through 28 asks for documents evidencing the impart of certain statutes.  It is unclear why

28  Defendant could not have produced *any* documents responsive to these requests in the past two

months.  It is also not apparent, however, that a production could be completed within ten days.

Accordingly, the Court ORDERS Defendant to produce its responsive documents no later than March 5, 2021, which is more than five months since Plaintiff's last set of RFPs was served. (*See* Third Discovery Letter at 1.)  If Defendant is prepared to produce documents earlier, it **must** do so.

### B.     Discovery Letter re Interrogatories

#### i.     Interrogatory No. 9

Interrogatory No. 9 states: "Have YOU provided a 60-day grace period for all LIFE INSURANCE POLICIES which YOU have administered from Jan. 1, 2013 to the present." (Fourth Discovery Letter at 2.)

Defendant responded that it was likely that not every policy owner received a 60-day grace period.  (Fourth Discovery Letter at 2-3.)  Defendant states that it responded as such because Plaintiff's definition of "Life Insurance Policies" included policies where a grace period was not required.  (*Id.* at 3.)  Defendant states, however, that it is willing to amend its response to answer this question with a "yes" or "no" answer.  (*Id.*)

The Court finds Defendant's proposed revision to be adequate.  While Plaintiff complains that Defendant does not identify which policies Defendant did not apply the grace period to, the interrogatory does not ask for such information.  The interrogatory simply asks if Defendant provided the grace period to **all** policies, not which policies.  In any case, as discussed below, the information Plaintiff seeks would be encompassed by Interrogatory No. 13.

#### ii.     Interrogatory Nos. 10, 11, and 16

Interrogatory No. 10 states: "Have YOU provided a written thirty day pending lapse notice before termination [sic] LIFE INSURANCE POLICIES for nonpayment of premium which YOU have administered from January 1, 2013 to the present."  Interrogatory No. 11 states: "Have YOU annually notified all policy owners of LIFE INSURANCE POLICIES administered by YOU from January 1, 2013 to the present of the right of the policy owner designate [sic] a secondary addressee for purposes of receiving notices regarding lapse or termination related to nonpayment of premiums."  Finally, Interrogatory No. 16 states: After January 1, 2013, did YOU terminate,

1    lapse, or cancel any LIFE INSURANCE POLICIES for nonpayment of premium prior to the

2    expiration of a 60 day grace period?"  (Fourth Discovery Letter at 3.)

3            As with Interrogatory No. 9, Defendant responded that it is "likely" that particular

4    statutory provisions were not applied to all policies.  (Fourth Discovery Letter at 4.)  Plaintiff

5    again contends this fails to identify which policies, while Defendant responds that its response was

6    based on its belief that Plaintiff's definition of "Life Insurance Policies" included policies issued

7    outside of California and prior to the effective date of the statutes requiring certain notices or grace

8    periods.  (*Id.*)  It has offered to amend its response to answer "yes" or "no."  (*Id.*)

9            As discussed above, the Court finds that this proposal is sufficient.  As noted, Defendant's

10   identification of which policies Defendant did not apply the statutory requirements to is

11   encompassed by Interrogatory No. 13.

12           **iii.    Interrogatory No. 12**

13           Interrogatory No. 12 states: "If YOU applied the STATUTES to LIFE INSURANCE

14   POLICIES issued prior to January 1, 2013, when did YOU start applying the STATUTES to those

15   POLICIES?"  (Fourth Discovery Letter at 3.)

16           Defendant states it can amend its response to state when its procedures were updated to

17   implement the requirements of the statutes at issue.  (Fourth Discovery Letter at 4.)  Plaintiff does

18   not appear to object to this proposal.  Accordingly, Defendant shall amend its response.

19           **iv.    Interrogatory No. 13**

20           Interrogatory No. 13 states: "If YOU exempted LIFE INSURANCE POLICIES from

21   application and implementation of any of the provisions of the STATUTES, describe with

22   specificity all LIFE INSURANCE POLICIES which YOU have not provided the protections

23   outlined in the STATUTES, including a 60-day grace, 30-day grace, and notice of a right to

24   designate a third party to receive a 30-day notice."  (Fourth Discovery Letter at 4.)

25           Defendant responded to this interrogatory as "not applicable," purportedly because

26   Defendant asserts that it did not "exempt" policies from the application of the statutes.  (Fourth

27   Discovery Letter at 4-5.)  Defendant's narrow reading of "exempt" aside, the interrogatory clearly

28   is asking for the policies to which Defendant did not apply the statutory requirements.  Defendant

United States District Court
Northern District of California

already stated throughout the discovery letter that it did not apply the statutory requirements to particular policies, including policies issued outside of California and prior to the effective date of the statutes.  (*See id.* at 4.)  Defendant must therefore respond.

### v.   Interrogatory Nos. 14, 15, and 17

Interrogatory Nos. 14, 15, and 17 ask for the specific number of policies in three specific categories (*i.e.*, the number of policies issued, delivered, or administered by Defendant prior to January 1, 2013).  (Fourth Discovery Letter at 5.)  Plaintiff states that Defendant provided specific numbers, but may have excluded policies that were renewed or administered in California after January 1, 2013.  (*Id.*)  Defendant does not dispute this, but states that it has agreed to supplement its responses and identify policies whose owners relocated to California after purchasing their policies in other states.  (*Id.* at 6.)  Defendant shall supplement its response, responding to the question as written.  While Defendant may disagree with the definition of "Life Insurance Policies," Defendant is not permitted to unilaterally rewrite interrogatories.

## II.   CONCLUSION

For the reasons stated above, the Court ORDERS:

(1)      Defendant shall comply with Rule 34(b) within **ten days** of the date of this order;

(2)      the parties shall meet and confer as to the privilege log within **fourteen days** of the date of this order;

(3)      Defendant shall produce documents responsive to RFP Nos. 22 through 28 by **March 5, 2021**; and

(4)      Defendant shall provide updated interrogatory responses within **ten days** of the date of this order.

IT IS SO ORDERED.

Dated: February 22, 2021

KANDIS A. WESTMORE
United States Magistrate Judge