**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Georg M. Capielo (SBN 245491)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: gcapielo@einsurelaw.com
Email: sball@einsurelaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SIINO, Individually and on Behalf of the Class;<br><br>Plaintiff,<br>vs.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation.<br><br>Defendant. | CASE NO.: 4:20-cv-02904-JST<br><br>**SUPPLEMENTAL DECLARATION OF CRAIG M. NICHOLAS IN SUPPORT OF PLAINTIFF PAMELA SIINO'S *EX PARTE* APPLICATION TO LIFT STAY**<br><br>**District Judge**: Hon. Jon S. Tigar<br><br>**Action Filed**: April 28, 2020 |

I, Craig M. Nicholas, declare:

1. I am an attorney at law duly licensed to practice before all the court of the State of California, the U.S. District Court for the Southern, Central, Eastern, and Northern Districts of California, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court. I am a partner with the law firm of Nicholas & Tomasevic, LLP, counsel of record for Plaintiff Pamela Siino ("Plaintiff") in this matter. I am familiar with the facts of this case, and if called upon as a witness I could testify to the following facts based on my own personal knowledge. I make this supplemental declaration in support of Plaintiff's *ex parte* application to lift the stay in this action.

2. On July 30, 2021, the Court stayed this matter pending the disposition of *McHugh v. Protective Life Insurance*, No. S259215 (Cal Supreme Ct.). ECF No. 96 (Order Staying Case). The Court further ordered the parties, within seven days of the California Supreme Court's issuance of its decision in *McHugh*, to file a request for a case management conference to discuss further proceedings, including whether to continue the stay pending *Bentley v. United of Omaha Life Insurance Co.*, No. 20-55435 (9th Cir.) and *Thomas v. State Farm Insurance Co.*, No. 20-55231 (9th Cir.), or whether to restore the motion for class certification to calendar. ECF No. 96 at 3-4.

3. On August 30, 2021, the California Supreme Court issued its decision in *McHugh*, reversing the prior decision of the appellate court. *McHugh v. Protective Life Ins. Co.*, S259215, --P.3d--, 2021 WL 3853061 (Cal. Aug. 30, 2021).

4. On October 6, 2021, the United States Court of Appeals for the 9th Circuit issued a memorandum affirming the lower Court's decision *Thomas.*

….

> State Farm nevertheless maintains that Thomas is not entitled to summary judgment on her breach of contract action. Specifically, State Farm argues that Thomas failed to establish causation because she did not offer any evidence that the policies would not have lapsed even had State Farm complied with sections 10113.71 and 10113.72. But this evidence is not necessary [*3] for Thomas to prevail.
>
> Sections 10113.71 and 10113.72 "create a single, unified pretermination notice scheme." *McHugh*, 12 Cal. 5th 213, 2021 WL 3853061, at *14. This scheme requires that "[n]ew and existing policy owners [] have the opportunity to designate additional people to receive a notice of termination," that "policy owners and any designees [] receive notice

within 30 days of a missed premium payment," and that "insurers send notice to these parties at least 30 days prior" to "termination for nonpayment." See *id.* (citing Cal. Ins. Code §§ 10113.71(b)(1), (3) and 10113.72). **An insurer's failure to comply with these statutory requirements means that the policy cannot lapse.** See *id.* at *13- 14, 17-18. (Emphasis added).

….

*Thomas v. State Farm Insurance Co.*, No. 20-55231, 2021 WL 4596286 (9th Cir. Oct. 6, 2021). A true and correct copy of the Court's memorandum is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct. Executed on October 11, 2021, in San Diego, California.

By:  */s/ Craig M. Nicholas*
 Craig M. Nicholas

 Declarant/Attorney for Plaintiff

# EXHIBIT 1

| | |
|---|---|
| **NOT FOR PUBLICATION** | **FILED** |
| UNITED STATES COURT OF APPEALS | OCT 6 2021 |
| FOR THE NINTH CIRCUIT | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| SARAH AISLINN FLYNN THOMAS, | No. 20-55231 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cv-00728-BAS-BGS |
| v. | |
| STATE FARM LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted October 4, 2021**
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,*** District Judge.

Defendant State Farm Life Insurance Company (State Farm) appeals the

district court's entry of summary judgment in favor of Plaintiff Sarah Aislinn

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Flynn Thomas.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This case arises from a contract dispute brought under California law that is based on State Farm's failure to pay life insurance benefits to Thomas, the beneficiary of two life insurance policies held by her brother, James Flynn.  State Farm argues that it did not breach its contractual obligations because the policies lapsed prior to Flynn's death due to his failure to pay the premiums.

The policies did not lapse because State Farm failed to comply with two statutory provisions—sections 10113.71 and 10113.72 of the California Insurance Code.  While State Farm originally argued that these statutory provisions did not apply to the policies, it now concedes that the provisions are applicable here given the California Supreme Court's decision in *McHugh v. Protective Life Insurance Co.*, No. S259215, 2021 WL 3853061 (Cal. Aug. 30, 2021).

State Farm nevertheless maintains that Thomas is not entitled to summary judgment on her breach of contract action.  Specifically, State Farm argues that Thomas failed to establish causation because she did not offer any evidence that the policies would not have lapsed even had State Farm complied with sections 10113.71 and 10113.72.  But this evidence is not necessary for Thomas to prevail.

Sections 10113.71 and 10113.72 "create a single, unified pretermination notice scheme."  *McHugh*, 2021 WL 3853061, at *14.  This scheme requires that "[n]ew and existing policy owners [] have the opportunity to designate additional

people to receive a notice of termination," that "policy owners and any designees [] receive notice within 30 days of a missed premium payment," and that "insurers send notice to these parties at least 30 days prior" to "termination for nonpayment." *See id.* (citing Cal. Ins. Code §§ 10113.71(b)(1), (3) and 10113.72). An insurer's failure to comply with these statutory requirements means that the policy cannot lapse. *See id.* at *13–14, 17–18.

Here, the parties stipulated that "[t]here is no known evidence that State Farm communicated with Mr. Flynn about designating a third party to receive notice of lapse or termination of [the policies] for nonpayment of premium or that it gave Mr. Flynn a form to make such a designation." Because State Farm failed to bring forward any evidence indicating that it sent Flynn notice of the right to designate, there is no genuine dispute of fact about whether it did so. *See* Fed. R. Civ. P. 56(c)(1), (e); *United States v. Falcon*, 805 F.3d 873, 876 (9th Cir. 2015). Accordingly, based on this record, State Farm failed to comply with sections 10113.71 and 10113.72, which prevented the policies from lapsing. *See McHugh*, 2021 WL 3853061, at *13–14, 17–18.

Therefore, State Farm breached its contractual obligations by failing to pay benefits to Thomas under the policies after Flynn's death. The district court properly granted summary judgment for Thomas.

**AFFIRMED.**