UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SIINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY,<br><br>　　　　Defendant. | Case No. 20-cv-02904-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY ADJUDICATION**<br><br>Re: ECF No. 126 |

Before the Court is Plaintiff Pamela Siino's motion for summary adjudication. ECF No. 126. The Court will grant the motion in part and deny it in part.

## I.　BACKGROUND

### A.　Factual Background

Pamela Siino purchased a $100,000 term life insurance policy ("Policy") from Defendant Foresters Life Insurance and Annuity Company effective January 26, 2010. ECF No. 126-2 at 4. The Policy's annual premium was $163. *Id.* at 5. The Policy provided "[a] [g]race [p]eriod of 31[-]days . . . for payment of each premium," *id.* at 10, and stated that the "Policy w[ould] continue in force during the [g]race [p]eriod," *id.*, but "coverage . . . [would] terminate" if "the [g]race [p]eriod ends without the payment of the required premium," *id.* at 9.

"In 2012, the Legislature enacted Assembly Bill No. 1747, grafting sections 10113.71 and 10113.72 [('the Statutes')] onto the Insurance Code." *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 225 (2021) (citations omitted). The Statutes "went into effect on January 1, 2013," *id.* at 220, and "changed the grace period and notice requirements for life insurance policies in California," *id.* at 225.

The Statutes established a 60-day grace period for policyholders who miss a premium

payment; granted policy owners the right to designate at least one other person to receive notices of an overdue premium or impending lapse or termination of their policy; and required insurers to mail (1) a notice to policyholders and their chosen designees (if any) about a lapse within 30 days of the missed payment and (2) a notice of any impending termination for nonpayment at least 30 days before the policy is terminated. Cal. Ins. Code §§ 10113.71, 10113.72. Specifically, "[a] notice of pending lapse and termination of a life insurance policy" is not "effective unless [it is] mailed by the insurer to the named policy owner," their chosen designees (if any), "and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium." *Id.* § 10113.71(b)(1). A policy may not lapse or "be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and" their chosen designees pursuant to section 10113.72(a). *Id.* § 10113.72(c). In *McHugh*, the California Supreme Court held that these provisions "apply to all life insurance policies in force when [the Statutes] went into effect, regardless of when the policies were originally issued." 12 Cal. 5th at 220.

      Siino paid the annual premium due on the Policy between 2010 and 2017, but failed to pay the premium due on January 26, 2018. ECF No. 126-11 ¶ 4. Foresters then terminated coverage under the Policy. In a February 26, 2018 letter sent to Siino, Foresters wrote that "[t]he 31[-]day grace period on [the Policy] has expired and your policy has now lapsed," and noted that Siino "still ha[d] the opportunity to reinstate [her] policy by sending in the premium . . . within 30 days[.]" ECF No. 126-4 at 2. Siino contends that she did not receive this letter. ECF No. 126-11 ¶ 6, 129-1 at 45:8–18. Additionally, Siino states that between 2013 and 2018, Foresters never "advise[d] [her] of [her] right to designate another person to receive important policy notices, like notices of premiums being due, premiums being missed, or impending lapse." ECF No. 126-11 ¶ 7. David Schimmel, Foresters's designated corporate representative, testified that he could not "confirm or deny whether" Siino received "any notice in writing that she had a right to designate another individual to receive notices before her policy would be lapsed or terminated." ECF No. 126-8 at 9:22–24, 10:2. He explained that he could not prove whether the notice was sent because

it would have been sent with Siino's privacy policy, and Foresters's did not retain copies of the privacy policy. *Id.* at 10:2–10. Schimmel also testified that "[a]lthough [Foresters] felt [the Statutes] applied [only] to policies that were issued" after January 1, 2013, "from a system perspective [Foresters] put the changes in and didn't differentiate between clients that were prior to 1/1/13 or not." ECF No. 129-1 at 9:12–15.

### B.  Procedural History

On April 28, 2020, Siino filed a putative class action complaint against Foresters alleging that Foresters's administration and termination of her Policy violated the Statutes. ECF No. 1. The complaint brings claims for: (1) declaratory judgment or relief, Cal. Civ. Code §§ 1060, *et seq.* and 28 U.S.C. §§ 2201, *et seq.*; (2) breach of contract; and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ECF No. 1 ¶¶ 53–86. Siino's claims for declaratory judgment or relief seek "a judicial determination of rights and duties, and a declaration or judgment that sections 10113.71 and 10113.72 applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013, including the Plaintiff's Policy." *Id.* ¶¶ 60, 65.

On June 10, 2020, Foresters filed a motion to dismiss Siino's complaint or, in the alternative, to stay the case. ECF No. 18. On September 1, 2020, the Court granted in part and denied in part the motion to dismiss and denied the motion to stay. ECF No. 41.

On April 30, 2021, Siino filed a motion to certify a class. ECF No. 70. On June 29, 2021, before the Court decided the motion, it issued an order to show cause why the case should not be stayed pending a decision by the California Supreme Court in *McHugh v. Protective Life Ins.*, No. S259215. ECF No. 88. On July 30, 2021, the Court stayed the case, concluding that "the best use of judicial resources in evaluating class certification is to await guidance from the California Supreme Court." ECF No. 96 at 3. The California Supreme Court issued its opinion in *McHugh* on August 30, 2021. *McHugh*, 12 Cal. 5th 213. On October 14, 2021, the Court lifted the stay and ordered the parties to file supplemental briefs addressing the effect of *McHugh* on the present case. ECF No. 100. On January 12, 2022, the Court denied Siino's class certification motion. ECF No. 110. On March 4, 2022, Siino sought leave to file a successive motion for class

1   certification. ECF No. 114. The Court denied that request on July 26, 2022. ECF No. 119.

2   On December 8, 2022, Siino filed a motion for summary adjudication. ECF No. 126.

3   Foresters opposed the motion, ECF No. 129, and Siino filed a reply, ECF No. 131.

**II.   JURISDICTION**

The Court has jurisdiction under 28 U.S.C. § 1332.

**III.   LEGAL STANDARD**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the case's outcome. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

When the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010). "[A]t the summary judgment stage," courts are "not permitted to weigh evidence." *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1121 (9th Cir. 2010).

**IV.   DISCUSSION**

Siino seeks summary judgment on its second cause of action for declaratory relief or judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.* ECF No. 126. Siino contends it is undisputed that "Foresters did not comply with the Policy or the law when it declared the Policy lapsed," and thus, it is undisputed that the "Policy remains in force today." *Id.* at 10. Siino argues that she is therefore entitled to a judicial declaration that: (1) Foresters did not comply with certain provisions of Cal. Ins. Code §§ 10113.71 and 10113.72

4

before it terminated Mrs. Siino's Policy on February 26, 2018[1]; (2) "Mrs. Siino's Policy remains valid and enforceable"; and (3) "Foresters may not require Mrs. Siino to pay 'back premiums' accruing since January 2018 in order to revive the Policy."[2] *Id.* at 2. Foresters opposes the motion, arguing that the motion should be denied for six reasons: (1) Siino's requested relief "improperly seeks to side-step proving the elements of a breach of contract claim," ECF No. 129 at 10; (2) Siino cannot establish the necessary elements of a breach of contract claim, *id.* at 11; (3) "California law does not support [Siino's] 'strict compliance' theory that would allow her to disregard the proximate causation and damages elements of a breach of contract claim," *id.*; (4) Siino's "request that she be discharged from her obligation to pay the scheduled premiums under the Policy is both contrary to her core legal theory and contrary to California law," *id.* at 12; (5) Foresters's "affirmative defenses of waiver, ratification, and failure to mitigate damages preclude entry of summary judgment," *id.*; and (6) the declaratory relief is "duplicative of a breach of contract claim and . . . intended to redress past wrongs rather than operate prospectively," *id.*

### A.     Availability of Declaratory Relief

Foresters argues that granting Siino's requested declaratory relief would be inappropriate "[b]ecause the requested relief is duplicative of [Siino's] breach of contract claim and would not serve a useful purpose in clarifying and settling the legal relations in issue[.]" ECF No. 129 at 33.

---

[1] Siino states her request for relief in various ways throughout the motion. In her notice of motion, she says she seeks a declaration that "Foresters did not comply with all the provisions of Cal. Ins. Code §§ 10113.71 and 10113.72 before it terminated Mrs. Siino's Policy on February 26, 2018." ECF No. 126 at 2. Her use of the word "all" implies an assertion that Foresters violated every provision of sections 10113.71 and 10113.72, *see* "All or Every?, Cambridge Dict. Grammar, https://perma.cc/3Z5R-5J2L (last visited July 5, 2023), but that is not really her argument. Elsewhere, Siino makes clear that she seeks only a declaration that Foresters violated the Statutes' requirements that it "provide a 60-day grace period, . . . a 30-day notice, and a notice of a right to designate" a third-party to receive notices. ECF No. 126 at 24. The Court addresses the latter request.

[2] Foresters notes that this relief is "very different than what [Siino] requested in her Complaint[.]" ECF No. 129 at 18 n.1. Foresters does not contend, however, that Siino is foreclosed from seeking the requested relief. *Id.* Additionally, "[t]he Ninth Circuit has applied [Federal Rule of Civil Procedure 54(c)] to uphold a court's power to award declaratory relief when that relief was not requested in the complaint." *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 202 (N.D. Cal. 2012) (citing *Arley v. United Pacific Ins. Co.*, 379 F.2d 183, 186–87 (9th Cir. 1967)); *see also* Fed. R. Civ. P. 54(c) ("[All] final judgment[s] [, except default judgments,] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). The Court therefore considers Siino's motion on the merits.

Foresters further argues that the Court's conclusion in its motion to dismiss order that the declaratory relief and breach of contract claims are distinct no longer applies because the relief requested now could not "induce [Foresters] to 'voluntarily' reinstate the Policy." *Id.* Siino argues that her breach of contract and declaratory relief claims are distinct because her "breach of contract claim looks only back at the past conduct of Foresters," and the declaratory relief claim seeks "to define the obligations of the parties in anticipation of future conduct, in particular, the obligations Plaintiff has toward Foresters . . . and [the] obligations of Foresters toward Plaintiff and the beneficiary of the policy, should . . . Siino pass[] away." ECF No. 131 at 12.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). In other words, "[t]he decision to grant declaratory relief is discretionary." *Monroe v. Geico General Ins. Co.*, No. 5:14-cv-05174-EJD, 2018 WL 500260, at *9 (N.D. Cal. Jan. 19, 2018). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 702 (N.D. Cal. 2020) (quoting *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985)). "[W]here determinations of a breach of contract claim will resolve any question regarding interpretation of the contract, there is no need for declaratory relief, and dismissal of a companion declaratory relief claim is appropriate." *Vascular Imaging Pros., Inc. v. Digirad Corp.*, 401 F. Supp. 3d 1005, 1010 (S.D. Cal. 2019) (citation omitted); *see also StreamCast Networks v. IBIS LLC*, No. CV 05-04239 MMM (Ex), 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006) (collecting cases). However, "the existence of another adequate remedy does not preclude a declaratory judgment," *Davis v. Capitol Records, LLC*, No. 12–cv–1602 YGR, 2013 WL 1701746, at *3 (N.D. Cal. Apr. 18, 2013), and "[d]eclaratory relief is appropriate . . . where a breach of contract claim will not settle all of the contractual issues concerning which plaintiff seeks declaratory relief," *StreamCast Networks*, 2006 WL 5720345, at *4.

6

Here, an actual controversy exists because the parties disagree as to whether Foresters violated the Statutes; whether the Policy remains in force; and whether Siino is required to pay back premiums.  *Compare* ECF No. 126 at 19–27 *with* ECF No. 129 at 19–20, 29–31.  While the requested declaratory relief overlaps with the breach of contract claim because both require the Court to consider whether Foresters complied with the Statutes, a "declaratory judgment would remedy" the "future uncertainty" of whether the Policy is in force, whereas damages for a breach of contract would only redress past wrongs.  *Steen v. Am. Nat'l Ins. Co.*, 609 F. Supp. 3d 1066, 1073 (C.D. Cal. 2022).  The relief requested here is forward-looking because it addresses the parties' future conduct under the Policy, including what Foresters' obligations, if any, would be if benefits became payable under the Policy.  Accordingly, the Court concludes that Siino's request for declaratory relief is appropriately before the Court.[3]

### B.     Entitlement to Declaratory Relief

The parties dispute whether Foresters violated the Statutes, whether the Policy is still in effect, and whether Siino is required to pay back premiums.  The facts are undisputed.

The Court first addresses what facts Siino must establish to obtain the requested relief.  Foresters argues that Siino must "establish each element of a breach of contract claim."  ECF No. 129 at 11.  Foresters reasons that "the 'Declaratory Judgment Act does not provide a cause of action when a party . . . lacks a cause of action,'" "[t]he Statutes do not provide a private right of action," and Siino "is unquestionably requesting a breach of contract remedy [(i.e., specific performance)] through her declaratory judgment request."  ECF No. 129 at 17.  Foresters also argues that allowing a plaintiff to bypass the causation and damages elements of a breach of contract claim would lead to an "obtuse rule": that "a court finding any minor violation of the

---

[3] The Court is aware of two decisions in which other district courts have dismissed claims for declaratory relief as duplicative of breach of contract claims.  *E.g.*, *Pitt v. Metro. Tower Life Ins. Co.*, No. 20-CV-694-RSH-DEB, 2023 WL 3879587, at *9 (S.D. Cal. June 5, 2023); *Moriarty v. Am. Gen. Life Ins. Co.*, No. 3:17-cv-1709-BTM-WVG, 2022 WL 2959560, at *4 (S.D. Cal. July 26, 2022).  Neither case involved a request for the kind of relief at issue here, i.e., a declaration that a putatively terminated policy remains in force or that a plaintiff is not required to pay back premiums.

7

1   Statutes has no choice but to summarily punish the insurer by requiring it to provide perpetual,
2   premium free life insurance coverage despite a plaintiff not offering evidence of proximate
3   causation or damages." *Id.* at 24.
4       Siino responds that to obtain declaratory relief, she must prove only that "there is an actual
5   controversy—a connection between the challenged conduct and injury—and redressability that the
6   Court could order." ECF No. 131 at 11. She argues that California law and the Statutes "require[]
7   strict compliance," *id.* at 13, and strict compliance would not lead to "indefinite coverage" because
8   it "do[es] not change a policy's expiry date or restrict the ability of an insurer to comply with the
9   conditions to termination imposed on them, even subsequent to an improper termination." *Id.* at
10  15.
11      The Declaratory Judgment Act "presupposes the existence of a judicially remediable
12  right." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) (quoting *Schilling v. Rogers*,
13  363 U.S. 666, 677 (1960)). In other words, the "Act does not provide an affirmative cause of
14  action where none otherwise exists." *Id.* However, "[d]eclaring the legal rights and obligations of
15  parties to an insurance contract is a staple use of declaratory judgments." *Lewis v. CMFG Life Ins.*
16  *Co.*, No. 2:21-cv-04010-SVW-MRW, 2022 WL 2125129, at *3 (C.D. Cal. Jan. 12, 2022); *see also*
17  10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2760 (4th ed.)
18  ("[T]he use of declaratory judgments in insurance cases has been very common," including to
19  address "whether the policy has lapsed for nonpayment of premiums"); *Fujimoto v. W. Pioneer*
20  *Ins. Co.*, 86 Cal. App. 3d 305, 307, 313 (1978) (holding that the declaratory relief that an
21  insurance policy was in force should be denied because the insured failed to renew the policy); *cf.*
22  *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018) (addressing how the amount
23  in controversy is calculated for declaratory judgment actions about "whether an insurance policy is
24  in effect or has been terminated").
25      Here, Siino is seeking a declaratory judgment regarding whether the Policy has lapsed for
26  nonpayment of premiums, and therefore, she has "a judicially remediable right," *Netflix, Inc.*, 52
27  F.4th at 878, outside of her breach of contract claim. Courts often analyze similar claims for
28  declaratory relief without requiring plaintiffs to prove all the elements of a breach of contract

8

1  claim.  *See, e.g.*, *Fujimoto*, 86 Cal. App. 3d 305, 313 (1978) (analyzing whether a contract was

2  still in force without considering the causation and damages elements of a breach of contract

3  claim); *see also Bertero v. Nat'l Gen. Corp.*, 254 Cal. App. 2d 126, 135 (1967) (stating that "the

4  mere insertion of the words 'and the parties are ordered to perform . . . under' [the contract] . . .

5  [does not] necessarily convert the judgment to one for specific performance rather than for

6  declaratory relief, or [mean] that plaintiff is precluded from seeking equitable relief by way of

7  declaratory judgment").

8        Nor is the Court persuaded that issuing a declaratory judgment without requiring proof of

9  causation and damages would lead to an "obtuse rule" of "perpetual coverage" as Foresters

10 postulates.  To avoid continued coverage after the nonpayment of a premium, an insurer need only

11 comply with the requirements outlined in the Statutes, which are:  provide a 60-day grace period;

12 provide an opportunity for the policy owner to designate at least one other person to receive

13 notices of an overdue premium or impending lapse or termination of their policy; and provide

14 notice 30 days before the termination of the policy to the insured and the insured's third-party

15 designee.  Enforcing these requirements accords with California law that "[t]ermination of

16 coverage can only be accomplished by strict compliance with the terms of any statutory provisions

17 applicable to cancellation."  *Mackey v. Bristol W. Ins. Servs. of Cal., Inc.*, 105 Cal. App. 4th 1247,

18 1258 (2003).

19       Foresters's authority is inapposite.  First, Foresters contends that orders from two district

20 court cases "hold that regardless of whether [Foresters] violated some aspect of the Statutes,

21 [Siino] must still establish all elements of a breach of contract claim to receive a breach of contract

22 remedy."  ECF No. 129 at 26.  The cases Foresters cites for this proposition, however, analyze

23 claims for breach of contract, not claims for declaratory relief.  *See Pitt v. Metro. Tower Life Ins.*

24 *Co.*, No. 20-CV-694-RSH-DEB, 2022 WL 17972167, at *7 (S.D. Cal. Dec. 1, 2022) ("Violation

25 of one of the several requirements contained in the Statutes does not by itself establish all the

26 elements of *a claim for breach of contract*." (emphasis added)); *Moriarty v. Am. Gen. Life Ins.*

27 *Co.*, No. 3:17-cv-1709-BTM-WVG, 2022 WL 6584150, at *3–5 (S.D. Cal. Sept. 27, 2022) (noting

28 that the "[c]ourt ha[d] already rejected Plaintiff's declaratory judgment claim"); *Moriarty v. Am.*

9

*Gen. Life Ins. Co.*, No. 3:17-CV-1709-BTM-WVG, 2022 WL 4103080, at *2 (S.D. Cal. Sept. 7, 2022) (analyzing the plaintiff's motion for summary judgment on a breach of contract claim).

Foresters next cites to *American Glove v. Pennsylvania Fire Insurance*, 15 Cal. App. 77 (1910) for the proposition that "when an insurer's mistake in designating a policy's termination date in a notice causes no harm, the plaintiff does not recover[.]" ECF No. 129 at 28. *American Glove* was decided before the California Insurance Code was enacted, and more than 100 years before the Statutes were enacted, so its relevance is difficult to discern. It is also factually distinguishable. In *American Glove*, the insured did not fail to pay a premium; instead, the insurer exercised its right to terminate a policy pursuant to a provision that stated that the "policy shall be canceled at any time . . . by the [insurer] giving five days' notice of such cancellation." 15 Cal. App. at 78–79. The provision at issue in *American Glove* did not implicate the policy concerns that the Statutes were enacted to address, i.e., to "protect[] policy owners from losing coverage due to their neglect," and to "enable[] them to obtain insurance elsewhere before being subject to risk without protection." *McHugh*, 12 Cal. 5th at 224. The Court concludes that Siino is not required to prove all the elements of a breach of contract to obtain the requested declaratory relief.[4]

The Court next considers whether there is a genuine dispute of material fact that (1) the Policy is valid and enforceable[5] and (2) Siino is required to pay back premiums. First, Siino argues that she is entitled to a declaratory judgment that the Policy is valid and enforceable because Foresters's failure to "provide a 60-day grace period, and a 30-day notice, and a notice of a right to designate renders unenforceable the provisions of the policy allowing for lapse for nonpayment unless and until the statutory mandates are complied with." ECF No. 126 at 24. Foresters counters that its termination of the Policy was valid because it "substantially complied with the Statutes . . . by providing a 61-day grace period and notice in advance of policy

---

[4] In light of this conclusion, the Court does not address the parties' arguments regarding disputes of fact as to the elements of the breach of contract claim or Foresters's affirmative defenses to the breach of contract claim.
[5] The question of whether Foresters violated relevant provisions of the Statutes is bound up with the question of whether the policy was validly terminated, and the Court considers the questions together.

10

1   termination," ECF No. 129 at 20.

2   Under the Statutes, an insurer must provide the insured with a 60-day grace period from
3   the premium due date before it terminates the policy for nonpayment of a premium. Cal. Ins.
4   Code § 10113.71(a). Additionally, an insurer must provide the insured with "the right to designate
5   at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy
6   for nonpayment of premium." *Id.* § 10113.72(a).

7   The Statutes also state that

> A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

*Id.* § 10113.71(b)(1). They further state that "[n]o individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and" to the owner's third-party designee. *Id.* § 10113.72(c). Therefore, if the insurer fails to provide the policy owner and policy owner's third-party designee with notice of the policy's termination 30 days before the termination, the termination is not effective.[6] *Id.* §§ 10113.71(b)(1), 10113.71(b)(1).

In California, "[t]ermination of coverage can only be accomplished by *strict compliance* with the terms of any statutory provisions applicable to cancellation." *Mackey*, 105 Cal. App. 4th

---

[6] "An unpublished Ninth Circuit opinion suggests, and some district courts have assumed, that when an insurer fails to provide *any* one of the several safeguards required by the Statutes, the policy at issue cannot and does not lapse." *Steen v. Am. Nat'l Ins. Co.*, No 2:20-cv-11226-ODW (SKx), 2023 WL 4004192, at *2 (C.D. Cal. June 14, 2023). However, one district court concluded that "a close inspection of the text of the Statutes reveals that the only subdivisions of the Statutes that contain non-lapse and non-termination language are sections 10113.71(b)(1) and 10113.72(c)." *Id.* While it is correct that only sections 10113.71(b)(1) and 10113.72(c) address lapse and termination, the Statutes would be ineffective if insurers could violate other provisions and still terminate a policy. For example, if an insurer were allowed to terminate a policy after a grace period of less than 60 days in violation of section 10113.71(a), the protection offered by that section would be illusory. Similarly, sections 10113.71(b)(1) and 10113.72(c) require that notice be sent to the policy owner's third-party designee. But an insurer who fails to give its insured the opportunity to designate a third-party designee as required by section 10113.72(a) makes the sending of that notice impossible. Accordingly, the Court concludes that an insurer cannot terminate a policy if it has not complied with sections 10113.71(a) or 10113.72(a).

1   at 1258 (emphasis added).  In other words, "there is no such thing as substantial compliance in

2   furnishing notice that an insurance policy has been cancelled." *Id.*  "If a cancellation is defective,

3   the policy remains in effect even if the premiums are not paid." *Kotlar v. Hartford Fire Ins. Co.*,

4   83 Cal. App. 4th 1116, 1121 (2000).

        The Court concludes that Foresters failed to strictly comply with section 10113.71(b)(1)'s notice requirement.  It sent a letter to Siino on February 26, 2018, informing her that "[t]he 31[-]day grace period on [her] policy has expired and your policy has now lapsed," but that she still had "the opportunity to reinstate [her] policy by sending in the premium immediately." ECF No. 126-4 at 2.  The letter stated that Foresters would accept Siino's premium payment if it was postmarked or received by Foresters within 30 days of the date of the letter, i.e., by March 28, 2018.  Foresters argues that its letter complied with the Statutes because "Plaintiff's Policy remained in force [the] entire time [covered by the letter], and [Foresters] would have paid a claim if Plaintiff had unfortunately died during this time." ECF No. 129 at 20 (citation omitted).  Siino responds that the February 26 letter was "not a notice of *pending* lapse at all.  It is, as it states, a notice that the policy had already lapsed." ECF No. 131 at 10 (emphasis in original).

        Siino has the better argument.  For a policy to be in grace period status means that the policy is still in effect – even if the premium for that period has not been paid, as the *McHugh* court made clear:  "if the insured dies during the extended grace period, the insurer will be required to pay benefits for which it has not received a premium . . . [although] the insurer would be entitled to deduct the unpaid premium payment from any life insurance benefits it pays out." *McHugh*, 12 Cal. 5th at 233.  But that is not what Foresters' letter says.  It says the policy has "lapsed" and that back premiums must be paid to "reinstate" the policy.  A policy that is still in effect does not need to be "reinstated."  Thus, a beneficiary who reads this language, or has the substance of the letter communicated to them by the insured, might reasonably believe that the policy is no longer in effect, and decline to make a claim as a result.  That Foresters might pay the claim if made is not a complete response to this problem because at least sometimes it will *not* be made.  That Foresters's letter creates this risk is enough to conclude that the letter does not strictly comply with the Statutes.

The undisputed evidence also shows that Foresters violated section 11031.72(c). Foresters neither gave Siino the opportunity to designate a third-party designee nor sent a notice of termination to such designee.[7] Foresters's termination of the Policy was ineffective for that additional reason. Thus, Siino is entitled to a declaration that Foresters did not validly terminate the Policy.

Lastly, the Court considers whether Foresters may require Siino to pay back premiums accruing since January 2018 in order to reinstate the Policy. Siino argues that Foresters is not entitled to such premiums because "Foresters should not be [re]warded for its noncompliance and be allowed to require[] . . . Siino to pay premiums for a period of time that it repudiated the Policy and took no risk" and "Foresters'[s] repudiation was akin to an anticipatory breach." ECF No. 126 at 25. Foresters responds that Siino must pay back premiums because her "failure to perform or even tender performance precludes her recovery under the Policy," ECF No. 129 at 29, and "[p]ermitting her to skip those years of premiums would represent an impermissible windfall and leave her better off than had the lapse not occurred," *id.* at 30.

The Court agrees with Foresters on this point. Although Siino's declaratory relief claim is separate from her breach of contract claim, the declaratory relief she seeks is akin to specific performance. In California, "[a] plaintiff may not obtain specific performance unless he has performed, or offered to perform, all of the conditions precedent required of him by the terms of the contract." *Evarts v. Johnston*, 34 Cal. 2d 6, 9 (1949); *see also* Cal. Civ. Code § 3392 ("Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party."); *Steen*,

---

[7] Foresters's lack of evidence as to whether such notice was ever sent is insufficient to create a dispute of material fact, given that Siino has affirmatively declared that notice was not sent. *United States v. Falcon*, 805 F.3d 873, 876 (9th Cir. 2015); *see also Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir. Oct. 6, 2021) ("Here, the parties stipulated that '[t]here is no known evidence that State Farm communicated with Mr. Flynn about designating a third party to receive notice of lapse or termination of [the policies] for nonpayment of premium or that it gave Mr. Flynn a form to make such a designation.' Because State Farm failed to bring forward any evidence indicating that it sent Flynn notice of the right to designate, there is no genuine dispute of fact about whether it did so.").

2023 WL 4004192, at *9 ("For the declaration [that the Policy is valid and enforceable] to have any real effect, [Siino] would be required to pay all [her] past due premiums in order to keep their policies in force."). "Absent actual performance, a party must show that they offered to perform or that their nonperformance was excused." *Gardner v. RSM & A Foreclosure Servs., LLC*, No. 12-CV-2666-JAM-AC, 2013 WL 1129392, at *4 (E.D. Cal. Mar. 18, 2013) (applying California law).[8] Siino's motion for a declaration that she does not owe back premiums is denied.

Accordingly, although the Court rules in Siino's favor on the question of whether Foresters's termination of the Policy was effective, it also holds that she must tender back premiums to Foresters within a reasonable time to reinstate her policy. *See Moser v. Pearce*, 124 Cal. App. 478, 483 (1932) (allowing vendor "a reasonable time within which to perform his part of the agreement, providing to do so will work no injustice to the vendee"); *see also Lewis v. Fowler*, 80 Cal. App. 717, 724 (1927) (plaintiffs' offer of payment to defendants made within a reasonable time and therefore sufficient to support a judgment for specific performance).

The parties shall meet and confer for the purpose of reaching agreement on a reasonable deadline for the payment of back premiums and the amount of such premiums, and shall submit a stipulation to that effect by July 20, 2023. If the parties are unable to reach agreement, they shall submit competing briefs of not more than five pages each by the same deadline.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Siino's motion for summary adjudication.

**IT IS SO ORDERED.**

Dated: July 7, 2023

JON S. TIGAR
United States District Judge

---

[8] Siino relies upon *Korbholz v. Great-W. Life & Annuity Ins. Co.*, No. 03-03792 JSW, 2009 WL 159869 (N.D. Cal. Jan. 20, 2009) to argue that Siino is not required to pay back premiums. That decision states simply, "The Court also concludes that Korbholz should not be required to pay back premiums as a condition of reinstatement." *Id.* at *3. The *Korbholz* court's ruling is not supported by authority or analysis, and the Court does not follow it.

14